**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: LINDA L. GARMONG,<br><br>　　　　　Debtor,<br><br>GREGORY O. GARMONG,<br><br>　　　　　Appellant,<br><br>vs.<br><br>MAUPIN, COX & LEGOY, a Nevada Professional corporation,<br><br>　　　　　Respondent. | Case No. 3:19-CV-00490-RCJ<br><br>BK-10-52588-GWZ CHAPTER 7<br><br>ADVERSARY NO: 17-05043-GWZ<br><br>**ORDER** |

　　　　This Court issued an order that affirmed the bankruptcy court's decision, holding that the bankruptcy court did have jurisdiction and its enforcement of the settlement was not an abuse of discretion. (ECF No. 25.) Appellant has filed a motion for rehearing of this Order pursuant to Fed. R. Bankr. P. 8022. (ECF No. 26.) Appellant levies that this Court "misstate[d] and trivialize[d] the background facts" and "overlook[ed] or misapprehend[ed] the central legal issues." (*Id.*) Appellant is incorrect and is merely attempting to relitigate issues that this Court rejected.

**LEGAL STANDARD**

Under Rule 8022, a motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion." Such motions are "designed to ensure that the appellate court properly considered all relevant information in rendering its decision." *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003). They are not meant "to reargue a party's case." *Id.*

**ANALYSIS**

Appellant first claims that the Court misstated material facts and glossed over others. He states, "Order 2:1-3:9 misstates and trivializes the background facts. The correct facts are found at AOB 13-19." (ECF No. 26.) He then proceeds to recount his version of the facts including many legal conclusions. These conclusions include the assertions that a term of the agreement required that his new counsel approve it and that he entered into the agreement against his constitutional rights. As discussed below, these conclusions are unsupported by the record. He does include some facts in this section that were not in the Court's order such as the time that Respondent had been representing Appellant and the amount that Respondent had charged for these services. Plaintiff has not shown how these facts have any bearing on the outcome, so these facts are not material to the Court's determination. The remainder of the facts that he asserts in this section are included in the Court's order. Therefore, the Court did not "misstate[] and trivialize[] the background facts."

Appellant then attempts to relitigate the same arguments that he made in his brief for his theory of the case. These are the same ones that this Court and the bankruptcy court already considered and rejected. He first claims that the bankruptcy court lacked jurisdiction because he did not "mention the bankruptcy court's" order in his complaint to the state court. (ECF No. 26 at 5.) However, as this Court ruled, the state case was based on the bankruptcy court proceedings as he noted in his complaint, (*see* ECF No. 10 at EOR 15–23), would therefore necessitate that it

interpret the bankruptcy court's order. This Court listed a host of cases, where this was sufficient jurisdiction, even on removal. (ECF No. 25 at 5.) Plaintiff attempts to distinguish these cases on the basis that his complaint did not mention the bankruptcy court's order, but the complaint does. In the complaint, Plaintiff alleges, "[T]he bankruptcy judge extracted an agreement from Plaintiff to allow the withdrawal and abandonment in exchange for some minor later assistance by attorney Jaime . . . ." (ECF No. 10 at EOR 22 ¶ 33.) These cases therefore are materially indistinguishable from this one, and the Court correctly determined that the bankruptcy court had jurisdiction.

Appellant next contends that the settlement agreement was never finalized, again after this Court and the bankruptcy court considered and rejected this argument. The bankruptcy court recited the facts well:

> Mr. Garmong was in court. Mr. Garmong told me he had arrived at a settlement. Mr. Garmong told me that the terms of the settlement placed on the record was what he agreed to and that he would be bound by them and he wouldn't quibble. I asked if he understood that he was bound by them. He said yes.
> There's nothing tentative that occurred at that time. It was an agreement.

(ECF No. 22 at SA 176.) This Court agrees that these facts are sufficient to enter an agreement despite Appellant's statements such as, "I'd like to see it in writing and have counsel review it." Therefore, Appellant's argument is not persuasive.

Appellant also argues that the agreement is unenforceable because it was entered into in violation of his constitutional due process right to counsel. The Court correctly explained the test for determining whether a court violates a party's due process rights by insisting on declining to continue a case. It quoted *Ungar v. Sarafite*, which states:

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances

> present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

376 U.S. 575, 589 (1964) (internal citations omitted). As the Court explained, there were more than enough factors that supported the bankruptcy court's determination such that Appellant's due process rights were not infringed upon. (ECF No. 25 at 6.) The issues were not complex, Appellant is an attorney with more than forty years of experience, negotiations of the withdrawal had been going on for months, and Appellant had already made numerous filings in the case. (*Id.*)

For these reasons, the Court denies Appellant's motion.

## CONCLUSION

IT IS HEREBY ORDERED that Motion for Reconsideration (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Dated November 30, 2020.

_____
ROBERT C. JONES
United States District Judge